```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


BRANCH BANKING & TRUST CO.,   )
                              )
    Plaintiff,                )
                              )
         v.                   )    1:09cv407 (JCC)
                              )
DAVID LOCHNER,                )
                              )
    Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff Branch Banking & Trust Company's ("Plaintiff's") consolidated Motion to Remand and Motion for an Award of Attorneys' Fees and Costs for Improper Removal. For the reasons stated below, the Court will grant Plaintiff's motion and remand the case to the Circuit Court for Prince William County, Virginia. The Court will also grant Plaintiff's motion for attorney's fees and costs.

### I. Background

Plaintiff's complaint (the "Complaint"), filed in the Circuit Court of Prince William County, Virginia, on March 4, 2009, states that David Lochner ("Defendant") borrowed money from Plaintiff and signed a Retail Note and Security Agreement (the "Note"). (Compl. 1.) After Defendant defaulted and the security was foreclosed upon, the Complaint alleges, Defendant still owed

1

a deficiency of $104,457.31 on the Note.  (Compl. 1.)  Plaintiff asks for judgment in the amount of $104,457.31, with interest accruing at a seven percent annual rate from October 22, 2008 until the principal is paid, as well as attorney's fees of $15,668.60 and costs.  (Compl. 2.)

On April 14, 2009, Defendant filed an answer ("Answer"), a counterclaim ("Counterclaim"), and a Notice of Removal ("Notice"), which removed the case to this Court.  The Notice asserts the existence of both diversity and federal question jurisdiction.[1]  It claims that the Court has diversity jurisdiction over the case, pursuant to 28 U.S.C. § 1332, because Defendant is a Virginia resident and Plaintiff is a North Carolina corporation with its principal place of business in North or South Carolina.  (Notice 2.)  The Notice claims that the Court also has subject matter jurisdiction over the case, pursuant to 28 U.S.C. § 1331, because Defendant's Answer and Counterclaim both rely on Plaintiff's alleged violation of the Interstate Land Sales Transfer and Full Disclosure Act (the "ILSFDA"), 15 U.S.C. § 1701 *et seq.*

Plaintiff filed a consolidated motion to remand and for attorney's fees and costs incurred as a result of the improper removal on May 12, 2009.  Defendant opposed the motion on June 4,

---

[1] The Notice also stated that it was filed, as required, within thirty days of Defendant's receipt of the Complaint and that venue is proper pursuant to 28 U.S.C. § 1446(d).  (Notice 2.)

one day before the hearing was scheduled and well beyond the deadline for an opposition brief, which passed on May 23. Plaintiff's motion is before the Court.

## II. Standard of Review

Civil actions over which a federal court would have original jurisdiction can be removed by the defendant from state court to the appropriate federal district court pursuant to 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See, e.g.*, *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," and the remanding court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## III. Analysis

The Court does not have jurisdiction over this matter. It will remand the case back to the Circuit Court for Prince William County and grant Plaintiff's motion for attorney's fees and costs.

A. <u>Diversity of Citizenship Cannot Serve as a Basis for Removal</u>

Defendant initially argued that removal was proper based on diversity jurisdiction; he withdrew the argument in his opposition brief.  (Def.'s Opp'n 1 n.1.)  Defendant was correct in doing so: the statute authorizing removal to federal court expressly states that actions can be removed based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b); *see also ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987) (holding that a Maryland defendant could not remove a suit filed in Maryland based on diversity jurisdiction).  Defendant is a Virginia citizen, and Plaintiff filed the case in Virginia state court.  (Notice 2.)  Thus, removal based on diversity jurisdiction would have been improper.

B. <u>Federal-Question Jurisdiction Cannot Serve as a Basis for Removal</u>

Defendant maintains that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because his Answer and Counterclaim rely in part on violations of the ILSFDA.  Section 1331 does not permit removal here, however, because the well-pleaded complaint rule – a basic jurisdictional doctrine –

requires that the "federal question" appear on the face of a complaint, not in an answer or a counterclaim.

The well-pleaded complaint rule states that federal jurisdiction does not exist "unless a federal question is present on the face of the plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell-Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "The well-pleaded complaint rule bars invoking federal jurisdiction on the basis of an answer raising a federal defense. A corollary of the well-pleaded complaint rule states that the party who brings a suit is master of his claim." *Scott v. Greiner*, 858 F. Supp. 607, 609 (S.D. W. Va. 1994) (quotation and emphasis omitted). Counterclaims also cannot serve as the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Here, Plaintiff did not bring any federal claims. The Complaint alleged only a state law violation for breach of promissory note. The ILSFDA came into play only because Defendant invoked it in his Answer and Counterclaim. Plaintiff could not have brought this case in federal court under § 1331, and thus the Court does not have federal question jurisdiction over it.

Defendant claims that, because the Complaint incorporates the Note, and because an alleged deficiency in the

Note may make lead to a viable defense and counterclaim under the ILSFDA, jurisdiction is proper under the well-pleaded complaint rule.[2]  The argument fails as a matter of law.  To make out a valid cause of action, Plaintiff did not plead – and was not required to plead – that had to abide by certain federal regulations when forming the loan.  If in fact it was required to do so, then that issue may be raised, as it was here, in an answer or as the basis for a counterclaim.  The presence of such an issue, however, does not automatically put it at the "forefront" of the case.  *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting).  "[A] disputed question of federal law" is not "an essential element of one of the well-pleaded state claims," and, thus, removal was improper.  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 448-49 (4th Cir. 2005).

Additionally, even if Defendant was correct that the case against him somehow "arose" under the ILSFDA, removal would be improper because the ILSFDA explicitly states that "[n]o case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the

---

[2] Based on the Note attached to and thus incorporated into the Complaint, Defendant urges the Court to treat the Complaint as if it contained an affirmative allegation that Defendant could not rescind the loan transaction at issue.  He claims that this "allegation" makes this case federal.  The Court does not agree that the attached Note creates any such affirmative allegation on the face of the Complaint.  For the reasons outlined in this section, Defendant's argument fails even if the Note did create the affirmative allegation on which Defendant stakes the propriety of removal.

United States, except where the United States . . . is a party." 15 U.S.C. § 1719.

Because the Court does not have subject matter jurisdiction over this matter, it must remand it to state court. 28 U.S.C. § 1447(c).

C. Attorney's Fees and Costs

Section 1447(c) allows a federal court that is remanding a case to require the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether a court should award fees turns on the reasonableness of the removal: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Bad faith is not a requirement. *See In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

An award made pursuant to § 1447(c) is remedial rather than punitive; it compensates the plaintiff when justice so requires. *See Moore v. Permanente Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 368 (E.D. Pa. 1995). Courts have awarded fees under § 1447(c) for a number of reasons, including untimely removal and removal based on an erroneous legal argument. *See, e.g.*,

7

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000) (permitting an award of fees when "removal, while 'fairly supportable,' was wrong as a matter of law").

Here, Defendant's removal was not at all supportable. Basic rules of federal jurisdiction prevented removal based either on diversity or subject matter jurisdiction. Additionally, Defendant did not bother to oppose Plaintiff's motion until well past the deadline to do so. In his opposition, he asks the Court to reject Plaintiff's attorney's fee request because, *inter alia*, this Court may handle the case more expeditiously than the state court in which Plaintiff filed it. A removing party's reasons for seeking removal are beside the point when removal is obviously incorrect as a matter of law. The Court finds that Defendant did not have an objectively reasonable basis for seeking removal. He will bear the costs and attorney's fees that Plaintiff incurred during its forced sojourn into federal court.

The award of attorney's fees pursuant to § 1447(c) is collateral to the Court's decision to remand; thus, the Court retains jurisdiction, even after the case is remanded, solely to entertain Plaintiff's motion for attorney's fees and costs. *Moore*, 981 F.2d at 448.

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion and remand the case to the Circuit Court for Prince William County, Virginia.  The Court will also award Plaintiff attorney's fees and costs.

An appropriate Order will issue.


June 9, 2009                                     /s/
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE